IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORPHORN EAR, | ) Case No. 12-1695-SC |
| Plaintiff, | ) ORDER GRANTING IN PART PLAINTIFF'S MOTION TO |
| v. | ) STRIKE AFFIRMATIVE DEFENSES |
| EMPIRE COLLECTION AUTHORITIES, INC., a Washington corporation, and ALONZO G. COLE, individually and in his official capacity, | ) |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiff Sorphorn Ear ("Plaintiff") has sued Defendants Empire Collection Authorities, Inc., and Alonzo G. Cole (collectively, "Defendants") for asserted violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788-1788.33 ("RFDCPA"), and California Civil Code section 1812.700, which requires debt collectors to include a "Consumer Collection Notice" in the first written notice addressed to a debtor. ECF No. 1 ("Compl."). Defendants filed an answer that pleads six purported affirmative defenses. ECF No. 11 ("Answer"). Plaintiff now moves to strike all six of Defendants' defenses pursuant to Federal Rule of Civil Procedure 12(f). ECF No. 15-1 ("Mot."). The motion is fully briefed. ECF Nos. 16 ("Opp'n"), 17 ("Reply"). The Court determines that the motion is

suitable for decision without oral argument. Civ. L.R. 7-1(b). For the reasons set forth below, the Court GRANTS Plaintiff's motion in part and DENIES it in part.

## II. LEGAL STANDARD

### A. Affirmative Defenses

Rule 12(f) provides that a federal court, on a motion or on its own, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As both parties in this case acknowledge, ever since the Supreme Court reframed the Rule 8 pleading standard for complaints in Twombly and Iqbal,[1] district courts in this circuit have split over whether the "plausibility" standard of Twombly and Iqbal applies to all Rule 8 pleadings, and hence to affirmative defenses pled in answers. Mot. at 3; Opp'n at 4; see also Dion v. Fulton Friedman & Gullace LLP, 11-2727 SC, 2012 WL 160221, at *1-2 (N.D. Cal. Jan. 17, 2012) (Conti, J.) (describing split). The Ninth Circuit has yet to take up the question. In the absence of clear appellate authority, some district courts in this circuit apply the plausibility standard to the pleading of affirmative defenses, while some, noting that Twombly and Iqbal did not explicitly address pleading standards for affirmative defenses, continue to apply the "fair notice" standard set forth in Wyshak v. City National Bank, 607 F.2d 824 (9th Cir. 1979). Id. In the instant motion, Plaintiff argues for the plausibility standard and

---

[1] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), Ashcroft v. Iqbal, 556 U.S. 662 (2009).

United States District Court
For the Northern District of California

Defendants, emphasizing the split of authority within this circuit, urge the Court to apply the fair notice standard.

It is true that there is a split within this circuit, but judges in this district have, uniformly so far as the undersigned can tell, adopted the plausibility standard. E.g., Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010); Dion, 2012 WL 160221, at *2. The plausibility standard "serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." Barnes, 718 F. Supp. 2d at 1172. In doing so, it furthers the underlying purpose of Rule 12(f), which is to avoid spending time and money litigating spurious issues. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, Twombly, 550 U.S. at 570, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of a plausible defense, Barnes, 718 F. Supp. 2d at 1172-73. Mere labels and conclusions do not suffice. See Twombly, 550 U.S. at 555. The Court emphasizes that this standard is not a high one: A defendant need only "point to the existence of some identifiable fact that if applicable . . . would make the affirmative defense plausible on its face." Id. at 1172. Defendants do not need to "establish conclusively in their initial pleading that their affirmative defenses must carry the day." Dion, 2012 WL 160221, at *3. Moreover, if, at a later stage in the

3

litigation, defendants uncover facts which would permit them to plead an affirmative defense not previously asserted, they need only seek the Court's leave to amend their answer, assuming no prejudice to other parties will ensue from amendment. Id.

### B. Negative Defenses

The foregoing standard applies to affirmative defenses, which require the defendant to meet a burden of proof. These are distinct from negative defenses, which assert defects in the plaintiff's case. See Barnes, 718 F. Supp. 2d at 1173-74; see also Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). In other words, affirmative defenses, if proven, shield the defendant from liability even if the plaintiff can prove her case; negative defenses simply assert that the plaintiff cannot prove her case. Rule 12(b)(6) sets forth the paradigmatic example of a negative defense: "failure to state a claim upon which relief may be granted." Rule 12(b)(6) defenses are more appropriately raised in motions to dismiss rather than as putatively "affirmative" defenses. See Barnes, 718 F. Supp. 2d at 1174.

However, Rule 12(h) explicitly permits certain negative defenses to be pled in an answer, specifically, the defenses enumerated in Rule 12(b)(2)-(5): lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. See Fed. R. Civ. P. 12(h)(1). The purpose of pleading those defenses in an answer is to avoid waiving them. See id. These defenses are similar to a Rule 12(b)(6) defense in that they assert that the plaintiff is unable to prove some condition

4

necessary to winning relief from the court; they differ in that the asserted defect in plaintiff's case is jurisdictional or procedural, rather than a defect in the plaintiff's prima facie case. The key point, however, is that a party asserting a defense under Rule 12(h)(1), unlike a party asserting a true affirmative defense, need not prove anything. The essence of Rule 12(h)(1) defenses is the assertion that the plaintiff must prove something but cannot. Barnes's requirement that the defendant point to "identifiable facts" that would put the plaintiff on notice of the basis of the defense is therefore inapplicable. Another way to say this is that the only allegation material to a Rule 12(h)(1) defense is that the defense exists, so simply invoking the defense as set forth in Rule 12(b) gives a plaintiff all the notice she needs. That is because it is the plaintiff, not the defendant, who bears the burden of showing that jurisdiction, venue, process, and service are proper. Accordingly, with respect to the Rule 12(b)(2) defense of lack of personal jurisdiction, the defendant need only invoke the rule forming the basis the defense, consistent with Rule 11 obligations. The defendant does not need to satisfy the fact-based, plausibility pleading standard applicable to affirmative defenses.

**III. DISCUSSION**

    With the foregoing principles in mind, the Court concludes that it is appropriate to strike all but one of the defenses set forth in Defendants' answer. The first defense, statute of limitations, must be stricken because it is facially invalid as a matter of law. As Plaintiff points out, a one-year statute of

5

limitations governs the claims in this case. 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f). The accused debt-collection attempt occurred when Defendants sent Plaintiff a letter dated April 8, 2011. Compl. Ex. A ("Letter"). Plaintiff filed suit on April 4, 2012, just within the one-year limitations period. See Compl. The affirmative defense of statute of limitations therefore fails as a matter of law. Accordingly, the Court GRANTS Plaintiff's motion to strike the answer's first defense. This defense shall be stricken without leave to amend.

The next four defenses fail as insufficiently pled. The Court and parties are familiar with their contents so the Court will not recite Defendants' boilerplate pleadings here. See generally Answer ¶¶ 14-17. Suffice it to say that they are set forth as affirmative defenses, but they consist solely of citations to various legal authorities and do not point to the existence of identifiable facts, let alone any facts that would make each defense plausible on its face. See Barnes, 718 F. Supp. 2d at 1172. Defendants concede as much by citing to Wyshak and arguing that, under that case, they need only cite the statutory "underpinnings" of their defenses, without alleging any facts which, when combined with the cited legal rules, would or could add up to a cognizable defense. See Opp'n at 5-6. Whether or not bare citation to legal authorities was sufficient under Wyshak -- which, as Defendants acknowledge, concerned a statute of limitations defense and thus did not rely on any facts other than those readily ascertainable from the face of the complaint -- it certainly is not sufficient under the Twombly/Iqbal plausibility standard. Accordingly, the Court GRANTS Plaintiff's motion to strike the

second, third, fourth, and fifth defenses. Those defenses shall be stricken, but Defendants will have leave to amend them.

Defendants' sixth defense bears special attention. That defense -- set forth as an affirmative defense, though it is actually a negative defense -- denies that this Court has personal jurisdiction over Defendants. Answer ¶ 18. Lack of personal jurisdiction is one of the defenses listed in Rule 12(h)(1), so Defendants properly raise it in their answer even without supporting facts. The Court therefore DENIES Plaintiff's motion to strike this defense.

That being said, the Court notes that a Rule 12(b)(2) defense is more properly tested in the context of a motion to dismiss for lack of personal jurisdiction. Moreover, while asserting the defense in their answer saves Defendants from waiving the defense immediately, the defense may be waived by Defendants' future actions; in other words, merely invoking a Rule 12(b)(2) defense in an answer does not preserve the defense for the duration of the case. See, e.g., Cal. Prac. Guide Fed. Civ. Pro. Before Trial § 9.33 ("Rule 12(h)(1) merely sets out the 'outer limit' of waiver. Most courts hold these defenses may also be waived by implication from acts acknowledging the court's power to adjudicate."). Defendants must do something to test the defense, and jurisdictional challenges should be addressed sooner rather than later. Accordingly, though the Court gives Defendants leave to amend their answer, Defendants first must file a motion to dismiss this action for lack of personal jurisdiction if Defendants intend to litigate that defense. If Defendants choose to do so, and the

Court retains jurisdiction, Defendants shall be given leave to file an amended answer at that time.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Rule 12(f) motion to strike in part and DENIES it in part. The answer's first affirmative defense, statute of limitations, is STRICKEN WITH PREJUDICE because it is insufficient as a matter of law. The answer's next four affirmative defenses are STRICKEN WITHOUT PREJUDICE. The sixth affirmative defense, lack of personal jurisdiction, remains undisturbed.

Pursuant to Rule 15(a)(2), the Court gives Defendants LEAVE to file an amended answer within twenty-one (21) days of this Order. If, however, Defendants choose to continue to assert their Rule 12(b)(2) defense, they shall file a motion to dismiss for lack of personal jurisdiction instead of an amended answer. Any such motion shall be filed within twenty-one (21) days of this order. If the Court retains jurisdiction over Defendants after ruling on the motion to dismiss, Defendants shall be given leave to file an amended answer consistent with the guidance in this Order. If Defendants file an amended answer without a Rule 12(b)(2) defense, the Court will deem that defense to have been waived.

IT IS SO ORDERED.

Dated: August 7, 2012

UNITED STATES DISTRICT JUDGE